UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
NOV - 6 2009
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| George P. Murray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 2091** |
| ) | |
| United States Court of Appeals for ) | |
| Veterans Claims, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application to proceed *in forma pauperis* will be granted and the complaint will be dismissed.

Taken at face value, the complaint sues the United States Court of Appeals for Veterans Claims for $12.5 million for its decision. A court is immune from a damages suit for actions taken in the performance of its duties, as judges enjoy absolute judicial immunity when acting in their judicial capacities and within their jurisdiction. *Mireles v. Waco,* 502 U.S. 9, 11 (1991). Accordingly, the complaint will be dismissed because it fails to state a claim upon which relief may be granted.[1]

A separate order accompanies this memorandum opinion.

Date: 10/29/09

/s/ Paul L. Friedman
United States District Judge

---

[1] Although a court is immune from a damages suit, its decisions may be subject to appeal. It is not clear from the face of the complaint that the plaintiff intended to initiate an appeal. Whatever the plaintiff's intent, this court does not have jurisdiction over an appeal from United States Court of Appeals for Veterans Claims. "The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans [Claims ]and from there to the United States Court of Appeals for the Federal Circuit." *Price v. United States,* 228 F3d 420, 421 (D.C. Cir. 2000).